## THE AMERICA.
### No. 2852.

District Court, E. D. New York.
Oct. 17, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for claimant.

GALSTON, District Judge.

This is a motion for an order vacating the seizure and attachment and dismissing the libel proceedings and directing that the seized cargo be returned to the claimant, Peter Le Blanc.

The libel recites a breach of the Tariff Act of 1930 and section 4377 of the Revised Statutes (46 USCA § 325), and alleges that on or about April 19, 1932, at Greenport Harbor, Long Island, N. Y., the collector of customs of the port of New York seized the American oil screw America and her cargo, consisting of 938 bags of assorted liquors.

For a first cause of forfeiture it is alleged that this vessel was duly licensed for the cod and mackerel fisheries, and that in violation thereof she was employed in a trade other than that for which she was licensed, in that she carried a cargo of assorted liquors.

The facts in respect to the seizure are set forth in the deposition which the government took of Glenn T. Phillips, chief boatswain's mate of the United States Coast Guard, who testified that, while on the patrol boat, CG 234, on April 19, 1932, he entered Greenport Harbor and observed the American oil screw America. This vessel was moored alongside of Tuttle's Gas Dock. She was listing to the starboard and was well down in the water. No one was on the boat. He boarded the vessel at about 5:30 p. m. the same day accompanied by Tesson, boatswain's mate T. In the engine room they found a small quantity of ice and fish stored in the bins, stored equally on port and starboard sides. They searched the engine room. No member of the crew of the vessel was on board, and finally they cut a hole through the floor of the engine room and found the 938 bags of intoxicating liquors in the bilges.

It seems to me that the only question presented is whether there was probable cause for making a search. I think such cause existed. A decided listing of the vessel to starboard throughout the day and the fact that she was unattended certainly gave some cause for suspicion. U. S. Code, title 19, § 1581, 19 USCA § 1581 (June 17, 1930, c. 497, title 4, § 581, 46 Stat. 747), in respect to boarding vessels and powers to officers of the custom, seems to me to afford full authority in the premises.

The search, therefore, was legal, and the result of the search certainly revealed that the vessel was employed in a trade other than that for which she was licensed. There was, therefore, a violation of section 4377 of the Revised Statutes (U. S. C. title 46, § 325 [46 USCA § 325]).

Nor was the search conducted in an unreasonable manner. Nothing visible at the time of boarding and search of the engine room accounted for the listing. It was but natural to suppose that a cargo of something more than the exposed fish and ice was the cause.

The motion, therefore, to vacate the seizure and dismiss the libel is denied.